JAP:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M 11-1265

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DANIELLE WYNN,

           Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      REBECCA SHEA, being duly sworn, deposes and states that she is a Special Agent with United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about December 22, 2011, within the Eastern District of New York and elsewhere, defendant DANIELLE WYNN did knowingly, intentionally and unlawfully import into the United States from a place outside thereof cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for her belief are as follows:[1]

---

    [1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1.  On December 22, 2011, defendant DANIELLE WYNN arrived at John F. Kennedy International Airport ("JFK Airport") in Queens, New York, aboard Delta Airlines Flight No. 384 from Georgetown, Guyana.

2.  Defendant DANIELLE WYNN was selected for an enforcement examination by Customs and Border Protection ("CBP") officers. WYNN was traveling on a recently issued United States passport. Her ticket had also been purchased recently and was paid for in cash. During questioning, WYNN stated that her brother had given her money to pay half the cost of the ticket and she had paid the rest. She later said that the individual was her brother-in-law, not her brother. A CBP officer contacted the individual, and he denied knowing WYNN or giving her money for her ticket.

3.  During further questioning, defendant DANIELLE WYNN admitted that she had inserted a package into her vagina. She said she was supposed to swallow pellets containing drugs. She was able to swallow two "test" pellets that she said did not contain drugs. When she was given a pellet containing drugs, she was unable to swallow it. As a result, she inserted a package containing drugs into her vagina.

4.  Defendant DANIELLE WYNN voluntarily removed the vaginal insert. The insert was probed, revealing a white powdery substance. The substance was field-tested and was

3

positive for the presence of cocaine. The total gross weight of the cocaine found in the vaginal insert is approximately 177.7 grams.

5. Defendant DANIELLE WYNN was then presented with an x-ray consent form, which she read, understood, and voluntarily signed. She was transported to the medical facility at JFK Airport. An x-ray was taken and read positive for foreign bodies.

6. After receiving her Miranda warnings and waiving them, defendant DANIELLE WYNN repeated the details above concerning the pellets and vaginal insert. She said that she was supposed to be paid $5,000 for swallowing 100 pellets. Because she could not do that, she was to be paid based upon the quantity of drugs that she was able to bring into the United States.

7. WYNN will be detained at the JFK medical facility until such time as she has passed all the pellets contained within her intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant DANIELLE WYNN be dealt with according to law.

REBECCA SHEA
Special Agent
Homeland Security Investigations

Sworn to before me this
23rd day of December, 2011

DGE
K